RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/28/05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| DONALD R. WILLIAMS | CIVIL ACTION NO. 04-1597-A |
|---|---|
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a motion by the Defendant, United States, to dismiss the complaint filed by Mr. Williams. The motion has two grounds for relief. First, Defendant argues that the claims are barred under the Federal Tort Claims Act, 28 U.S.C. § 2671, based upon timeliness and upon the proposition that the Court has no jurisdiction where a plaintiff, such as Mr. Williams, fails to pursue the administrative remedy first.

Second, Defendant argues that Mr. Williams should lose on the merits because all proper procedures were followed in the earlier foreclosure suit, which bore docket number 97-1945 on the docket of this Court.

We agree with the arguments of the United States that IF this were a case filed under the Federal Tort Claims Act, all claims would be barred. However, our review of the petition reveals no federal tort claim. Rather, Mr. Williams wants

certain property back on the basis that the previous foreclosure was defective. Particularly, Mr. Williams denies in his complaint that he was served with any process and that the proceedings were defective in multiple ways.

We have thoroughly reviewed the record of the previous proceedings to test Mr. Williams' assertions and find there is no defect whatsoever. At every step, Plaintiff documented the foreclosure, seizure and sale properly. More significantly, as required, judicial oversight of the foreclosure is readily apparent as each required step had to be, and was, approved by the then presiding judge in this division. Significantly also, the record reflects numerous certifications that proper service was made on Mr. Williams at all stages of the proceedings. Noted especially is the documented situation that Mr Williams had to be evicted from the property, which eviction was apparently finally accomplished some time in 2004. It was then (apparently) that Mr. Williams filed this suit. There is no explanation why or how Mr Williams was able to remain in possession of the property from 1998 until 2004, nor is the reason necessary here.

Suffice it to say, the foreclosure proceedings were legally proper in all respects. We also note that Mr. Williams did not file any opposition to the present motion, except for his objection to a hearing based upon his non-receipt of a SIGNED copy of the motion. That objection was previously overruled. Difficult though it may be for Mr Williams, the Court is legally compelled to grant the

present motion to dismiss. An appropriate judgment will be signed effecting this ruling.

SIGNED on this 27th day of October, 2005, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE